**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ROBERTO BARRIENTOS, )<br>ID # 14035462, )<br>    Petitioner, )<br>vs. )<br>)<br>LUPE VALDEZ, )<br>Sheriff, Dallas County, Texas, )<br>    Respondent. ) | No. 3:14-CV-4465-P (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

Roberto Barrientos (Petitioner), an inmate presently detained in the Dallas County Jail, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. He challenges his June 2012 conviction for indecent exposure in cause number MB11-13388-C in the County Criminal Court No. 3 of Dallas County.[1] (Pet. at 2,¶ 4.) Petitioner was sentenced to 180 days' confinement in the Dallas County Jail. *State v. Barrientos,* No. MB11-13388; *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). Subsequently, he filed a direct appeal to the Court of Appeals of Texas, Fifth District, and it affirmed his conviction. *Barrientos v. Texas,* No.05-12-0882-CR (Tex. App.–Dallas July 12, 2013, no pet. h)(mem op.), *available at* http://www.search.txcourts.gov/Case.aspx?cn=05-12-0082-CR&COA05. Petitioner did not timely file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals, and his

---

[1] Although the petition also lists a September 2014 conviction for failure to register as a sex offender, Petitioner does not actually challenge that conviction in this proceeding. He has challenged it in another case pending in this district, *Barrientos v. Watkins,* No.3:14-CV-4136-L(BK).

motion for extension of time to file a PDR was denied. *Barrientos v. Texas,* PD-1329-14, *available at*http://www.search.txcourts.gov/Case.aspx?cn=PD-1329-14&coa=coscca. Petitioner has not filed a state application for writ of habeas corpus. (Pet. at 3, ¶ 10.)

In this federal action, Petitioner challenges the factual basis for his June 18, 2011 arrest on an indecent exposure charge. (Pet. at 3, attachment pages 1-5.)

## II. ANALYSIS

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a person confined on a misdemeanor conviction may file an application for writ of habeas corpus in the county court. Tex. Code Crim. Proc, Ann. art. 11.09 (West 2006); *see also* TEX. CONST. art. V, § 8. Any appeal of the denial of relief in a misdemeanor post-conviction writ of habeas corpus in the county court is properly directed to the intermediate court of appeals. *See Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983). If the petitioner does not prevail on appeal, he may pursue a petition for discretionary review in the Texas Court of Criminal Appeals. *Id.*

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, state court records show that Petitioner did not timely file a petition for discretionary review from his direct appeal to the intermediate court of appeals, and his late motion for an extension of time to file a PDR was denied. He also acknowledges that he has not filed a state application for writ of habeas corpus. (Pet. at 3, ¶ 10.) The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SO ORDERED** this **24th day** of **December, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE